## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOSE FELICIANO WILLIAMS,
ADC #115281                                                                                           PLAINTIFF

v.                                        5:18CV00048-JLH-JTK

WENDY KELLEY, et al.                                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Jose Williams is a state inmate confined at the Ouachita River Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging he was charged with numerous disciplinary violations in violation of ADC policies (Doc. No. 2). By Order dated February 21, 2018 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit and directed him to file an amended complaint within thirty days. (Id., p. 4)

Plaintiff has now filed an Amended Complaint (Doc. No. 4).    Having reviewed such, the Court finds that his Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.     Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.   Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   In his Original Complaint, Plaintiff complained that he was charged with numerous disciplinary violations in violation of ADC policies. (Doc. No. 2) In the February 21, 2018 Order, the Court noted that the allegation of a violation of state law or policies does not support a constitutional violation, citing Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992). (Doc. No. 3, p. 3) The Court also noted that absent any specific allegations of unconstitutional conduct by Defendants Kelley and Hobbs, he appeared to name them based solely on their supervisory capacities, which again, did not state a constitutional claim for relief. (Id.) The Court then told Plaintiff that his Amended Complaint should: "**1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; and 4) state how he was harmed.  Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**" (Id., p. 4)

However, in the Amended Complaint, Plaintiff again provides no specific facts alleging how the two named Defendants were involved in the disciplinary incidents and how they violated his rights.  Instead, he states vague claims of cruel and unusual punishment, a failure to obey policies, and that as Director, Defendant Kelley "should be held accountable by not imposeing (sic) sanctions or enforcing policies knowing her job as Director…." (Doc. No. 4, p. 6)   And, he includes no allegations against Defendant Hobbs.

4

As noted in the February 21, 2018 Order, an allegation of a policy violation does not support a constitutional claim for relief, and absent facts to show that a supervisor is personally involved in a constitutional violation or fails to take corrective inaction in deliberate indifference to a violation, he/she cannot be held liable. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994), and Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).   Therefore, absent additional factual information as set forth in the February 21, 2018 Order, the Court finds Plaintiff's Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

### IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's claims against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2    All pending motions be DENIED as moot.

3.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

4.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 30th day of March, 2018.

                                                                                                                        _____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE